UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **HERBERT MCNEIL,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ATTORNEY MARIA D. RAMOS-PERSAUD,**<br><br>    Defendant. | Civ. No. 20-01518 (KM) (JBC)<br><br>**OPINION** |

## KEVIN MCNULTY, U.S.D.J.:

After defaulting on a home mortgage loan, Herbert McNeil has been the defendant in a foreclosure action in state court. In this Court, McNeil has filed a pro se complaint against Maria Ramos-Persaud, the attorney who represented the mortgagee in the foreclosure action, alleging a host of confusing claims arising from that proceeding. Now before the Court is Ramos-Persaud's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(1) and (6) (DE 4).[1] For the following reasons, the motion is **GRANTED**.

### I.  BACKGROUND

Disregarding legal conclusions or bare assertions, which make up the bulk of the Complaint, I am left with few fact allegations to consider. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Ramos-Persaud represented the holder of McNeil's mortgage in a foreclosure action in New

---

[1]   Citations to certain record items will be abbreviated as follows:

DE = docket entry number

Compl. = McNeil's Complaint (DE 1)

Motion = Ramos-Persaud's Brief in Support of Motion to Dismiss Complaint (DE 4-2)

Jersey state court. (Compl. at 8.)[2] In connection with those proceedings, she submitted a copy of the promissory note to the court (presumably as evidence). (*Id.* at 4.) In this action, McNeil alleges that her submission and representation, as well as the foreclosure itself, were unlawful, and he asserts the following claims: (1) federal forgery, (2) federal counterfeiting, (3) breach of contract, (4) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, (5) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, (6) wrongful foreclosure, (7) slander of credit, and (8) intentional infliction of emotional distress. (Compl. at 16–17.)[3] Ramos-Persaud moved to dismiss on various grounds ("Motion", DE 4). McNeil did not file an opposition brief, but he has submitted a number of exhibits in substantiation of his complaint, which I have considered. (*See* DE 5.)

## II.   DISCUSSION AND ANALYSIS

### A. Standard of Review

#### 1. Failure to State a Claim

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations. Nevertheless, "a [party's] obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief." (citation omitted)). Thus, the factual allegations must be sufficient to raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also W. Run Student Hous. Assocs., LLC v.*

---

[2]   The Complaint does not use numbered paragraphs, so I cite to the page numbers.

[3]   It is clear that the Complaint is just a re-titled version of a counterclaim he filed in the foreclosure action, which was dismissed. Many of the claims and prayers for relief are directed at the state court. (*E.g.*, Compl. at 17 (asking the Court to dismiss the foreclosure petition).)

*Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Id.* "Complaints filed pro se are construed liberally, but even a pro se complaint must state a plausible claim for relief." *Badger v. City of Phila. Office of Prop. Assessment*, 563 F. App'x 152, 154 (3d Cir. 2014) (citation and internal quotation marks omitted).

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *See Animal Sci. Prods., Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n.9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the pleading are accepted as true and all reasonable inferences are drawn in favor of McNeil. *N.J. Carpenters & the Trs. Thereof v. Tishman Constr. Corp. of N.J.*, 760 F.3d 297, 302 (3d Cir. 2014).

### 2. Lack of Jurisdiction

Rule 12(b)(1) provides for dismissal for lack of subject matter jurisdiction. A motion to dismiss pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Church of the Universal Bhd. v. Farmington Twp. Supervisors*, 296 F. App'x 285, 288 (3d Cir. 2008). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein, taken in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

## B. Federal Claims

McNeil brings four claims purportedly arising under federal law: (1) "forgery," in violation of 18 U.S.C. § 513, (2) "counterfeiting," likewise in

violation of 18 U.S.C. § 513, (3) violation of the FDCPA, and (4) violation of the TILA. (Compl. at 16-17.)

The forgery and counterfeiting counts are premised on allegations that Ramos-Persaud violated federal criminal laws. (Compl. at 2–4.) There is no private right of action to enforce those criminal laws, so Counts 1 and 2 must be dismissed. *See* 18 U.S.C. § 513; *Downey v. United States*, 816 F. App'x 625, 628 (3d Cir. 2020) (per curiam) (citing *Cent. Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); *Leeke v. Timmerman*, 454 U.S. 83, 85–86 (1981)).

The FDCPA claim has as two of its elements that "the defendant is a debt collector" and "the defendant has violated a provision of the FDCPA." *Barbato v. Greystone Alliance, LLC*, 916 F.3d 260, 265 (3d Cir. 2019) (quoting *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018)); *see also* 15 U.S.C. § 1692k(a). Certain parts of the Complaint explicitly allege that Ramos-Persaud does *not* meet the FDCPA's definition of a "debt collector." (Compl. at 7.) Elsewhere, the Complaint alleges that Ramos-Persaud "is a debt collector as noted in their emails and phone communications as well as the business description." (*Id.* at 11.) The Complaint also contains a section titled "The Attorney Is A Debt Collector" that recites the legal standard for a debt collector. (*Id.* at 15–16.) At any rate, however, the Complaint never explains how Ramos-Persaud violated any specific provision of the FDCPA. The Complaint, even liberally construed, fails to state facts to support the necessary elements of an FDCPA claim. I will therefore dismiss the FDCPA claim (Count 4).

TILA and Regulation Z thereunder apply to "creditors," *i.e.*, those "who regularly extend[] consumer credit." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 196 (3d Cir. 2019) (quoting 12 C.F.R. § 226.2(a)(17)(i)); *see also Riethman v. Berry*, 287 F.3d 274, 279 (3d Cir. 2002) (law firm was not a creditor). There are no facts alleged showing that Ramos-

Persaud, an attorney, regularly extends credit to consumers or even extended credit to McNeil. Thus, I will dismiss the TILA claim (Count 5).

### C. Remaining State-Law Claims

McNeil's remaining claims apparently arise under state law. Federal courts have jurisdiction over state-law claims when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For diversity jurisdiction purposes, "[t]he citizenship of a natural person is the state where that person is domiciled." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). The Complaint states that McNeil and Ramos-Persaud both reside in New Jersey. (Compl. at 11.) This is inadequate as an allegation of diverse citizenship, and in fact tends to suggest the opposite. *GBForefront*, 888 F.3d at 34.

Further, because this case is at its earliest stage and the federal claims have been dismissed, *supra* Section II.B, I decline to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Freund v. Florio*, 795 F. Supp. 702, 710 (D.N.J. 1992).

5

## III. CONCLUSION

For the reasons set forth above, the motion to dismiss the complaint (DE 4) is granted without prejudice to the submission, within 30 days, of a proposed amended complaint. A separate order will issue.

Dated: September 17, 2020

/s/ Kevin McNulty

_____

**Hon. Kevin McNulty
United States District Judge**